FILED • SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LOUIS CARVER; ROBERT LOUIS CARVER, II; JAMES LOWELL DEMERS; LINCOLN FUNDS INTERNATIONAL, INC., a Nevada corporation; and PAROPES CORPORATION, f/k/a BROOKSTONE CAPITAL, INC., a Nevada corporation,<br><br>Defendants,<br><br>LINCOLN BIOTECH VENTURES, L.P.; LINCOLN BIOTECH VENTURES II, L.P.; LINCOLN BIOTECH VENTURES III, L.P., and MacAUSLAN CAPITAL PARTNERS, LLC,<br><br>Relief Defendants. | Case No. SACV 08-00627-CJC(RNBx)<br><br>**PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (3) APPOINTING A PERMANENT RECEIVER** |

1   This matter came to be heard upon the *Ex Parte* Application of Plaintiff
2   Securities and Exchange Commission ("Commission") for a Temporary Restraining
3   Order And Orders: (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting
4   The Destruction Of Documents, (4) Expediting Discovery, and (5) Appointing a
5   Temporary Receiver, And Order to Show Cause Re Preliminary Injunction And
6   Appointment Of A Permanent Receiver (the "Application").

7   The Court, having considered the Commission's Complaint, the Application,
8   the supporting Memorandum of Points and Authorities, Declarations and Exhibits,
9   the Commission's Reply Brief, and all other evidence and argument presented, finds
10  that:

11  **I. <u>FINDINGS OF FACT</u>**

12          a.  The Commission presented evidence that from at least April 2004
13  continuing to the present, defendants have been engaged in a fraudulent scheme
14  that raised over $21.8 million from about 400 investors, who are located
15  throughout the United States, through the sale of common stock and limited
16  partnership interests in a series of five unregistered offerings.  (Bergstrom Dec.
17  ¶15a-e, Exs. 10-14, p. 67-284; ¶48a-e.)

18          b.  The Commission asserts that in the course of two common stock
19  offerings in Brookstone Capital, Inc. ("BCI") and Lincoln Funds International, Inc.
20  ("LFI"), defendants made several misrepresentations and omissions, including
21  failing to disclose the criminal history of defendant Robert L. Carver,
22  misrepresenting the timing of a potential initial public offering ("IPO"), and
23  making projections about the future price of the common stock.  (Bergstrom Dec.
24  ¶16b, Ex. 16, p. 288; (Brown Dec. ¶8, Ex. 2, p. 607; Borunda Dec. ¶4, Ex. 1, p.
25  133.)

26          c.  The Commission presented evidence that in the course of three limited
27  partnership offerings, defendants defrauded the partnerships by misusing and
28  misappropriating at least $2.5 million of the investors' funds.  (Haack Dec. ¶9, Ex.

1 | 3, p. 8; ¶10, Ex. 4, p. 9-11.)

2 |      d. The Commission asserts that defendants BCI and LFI were the

3 | general partners of the partnerships and the investment advisers for the

4 | partnerships, and defendants breached their fiduciary duties to the partnerships

5 | through their misuse of the funds' assets. (Bergstrom Dec. ¶24, Ex. 28, p. 360;

6 | ¶25, Ex. 29, p. 367; ¶26, Ex. 30, p. 374.)

7 |      e. The Commission presented evidence that in the LFI offering which

8 | commenced in January 2008, defendants failed to disclose that LFI is the successor

9 | to BCI and that Carver was and is associated with both LFI and BCI.   (Brown

10 | Dec. ¶7, Ex. 1, pp. 138, 164-68, 181-84.)

11 |      f. Based on undisputed evidence presented by the Commission, it

12 | appears that on June 3, 2008, defendant DeMers misappropriated $2.9 million of

13 | investors' funds by transferring that amount from accounts controlled by BCI, LFI

14 | and affiliated entities to a new entity managed by him called MacAuslan Capital

15 | Partners LLC. (Bergstrom Dec., ¶56, Ex. 44, pp. 470-517.)

16 | **II. CONCLUSIONS OF LAW**

17 |   **Jurisdiction**

18 |      a. This Court has jurisdiction over the parties to, and the subject matter

19 | of, this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of

20 | 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a); Sections 21(d)(1),

21 | 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange

22 | Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa; and Section 214 of the

23 | Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-14.

24 |   **Preliminary Injunction Standard**

25 |      b. Section 20(b) of the Securities Act and Section 21(d) of the Exchange

26 | Act provide that the Commission may obtain a permanent injunction without a bond

27 | upon a proper showing. 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d); *see SEC v. Wencke*,

28 | 622 F.2d 1363, 1375 (9th Cir. 1980). To obtain such relief, the Commission must

1  demonstrate: (1) a *prima facie* case that a violation of the securities laws has

2  occurred; and (2) a reasonable likelihood that the violation will be repeated. *See*

3  *SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999);

4  *SEC v. United Financial Group, Inc.*, 474 F.2d 354, 358-59 (9th Cir. 1973).

5        c.   The Commission has established a *prima facie* case that a violation of

6  the securities laws has occurred and a reasonable likelihood that the violation will be

7  repeated.

8        d.   Good cause exists to believe that defendants Robert Louis Carver

9  ("Carver"), Robert Louis Carver, II ("Carver II"), James Lowell DeMers

10 ("DeMers"), Paropes Corporation f/k/a Brookstone Capital, Inc. ("BCI"), and

11 Lincoln Funds International, Inc. ("LFI") and each of them, have engaged in, are

12 engaging in, and are about to engage in transactions, acts, practices and courses of

13 business that constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities

14 Act, 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), Section 10(b) of the Exchange Act, 15

15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections

16 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15

17 U.S.C. § 80b-6(1) and 80b-6(2).

18       e.   Good cause exists to believe that defendants Carver, Carver II, and

19 DeMers and each of them, have engaged in, are engaging in, and are about to

20 engage in transactions, acts, practices and courses of business that constitute

21 violations of Section 15(a) Exchange Act, 15 U.S.C. § 78o(a).

22       f.   Good cause exists to believe that defendants LFI and DeMers and each

23 of them, have engaged in, are engaging in, and are about to engage in transactions,

24 acts, practices and courses of business that constitute violations of Sections 206(4)

25 of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R.

26 § 275.206(4)-8.

27       g.   Good cause exists to believe that defendants will continue to engage in

28 such violations to the immediate and irreparable loss and damage to investors and to

1   the general public unless they are restrained and enjoined.

2   **Prima Facie Evidence of Section 5 Violations**

3   h.   The common stock and limited partnership interests offered and sold

4   by defendants in BCI and LFI constitutes a security under the Securities Act and

5   Exchange Act. *SEC v. Edwards*, 540 U.S. 389, 393, 124 S.Ct. 892, 157 L.Ed.2d 813

6   (2004); *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99, 66 S.Ct. 1100, 90 L.Ed.

7   1244 (1946).

8   i.   Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a)

9   &77e(c), prohibit the unregistered offer and sale of securities in interstate

10  commerce, unless an exemption from registration applies. *SEC v. Phan*, 500 F.3d

11  895, 901-02 (9th Cir. 2007); *SEC v. Murphy*, 626 F.2d 633, 649 (9th Cir. 1980).

12  Section 5 operates as a strict liability statute. *SEC v. Holschuh*, 694 F.2d 130, 137

13  n.10 (7th Cir. 1982). A *prima facie* case of a Section 5 violation is established by

14  showing: (1) defendants, directly or indirectly, offered or sold securities; (2) no

15  registration was in effect or filed with the Commission for those securities; and (3)

16  interstate transportation or communication or the mails were used in connection

17  with the offer and sale. 15 U.S.C. §§ 77e(a) & 77e(c); *see SEC v. Phan*, 500 F.3d at

18  902.

19  j.   In the present case, the Commission presented evidence that

20  defendants have violated and will continue to violate Section 5:  (1) the common

21  stock and limited partnership interests are securities in the form of stock and

22  investment contracts; (2) defendants offer and sell them to investors through means

23  of interstate commerce; and (3) the offer and sale of the offerings is not registered

24  with the Commission. (*See, e.g.,* Bergstrom Dec. ¶15c-e, Ex. 12, p. 161.)

25  k.   Once the Commission establishes the *prima facie* elements of a

26  Section 5 violation, the defendants bear the burden of proving that an exemption

27  from registration applies. *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126, 73 S.Ct.

28  981, 97 L.Ed. 1494 (1953); *Murphy*, 626 F.2d at 641.  Defendants presented no

1  evidence that an exemption from registration applies to the offerings at issue.

2  **Prima Facie Evidence of Violations of the Anti-Fraud Provisions of the**
3  **Securities Act and Exchange Act**

4  l.  Section 17(a) of the Securities Act prohibits fraud in the offer and sale
5  of securities.  15 U.S.C. § 77q(a).  Similarly, Section 10(b) of the Exchange Act and
6  Rule 10b-5 thereunder prohibit fraud in connection with the purchase or sale of
7  securities.  15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

8  m.  These provisions require that the fraud concern a material fact.  *Basic*
9  *Inc. v. Levinson*, 485 U.S. 224, 231-32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988); *TSC*
10  *Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757
11  (1976).  A fact is material if there is a substantial likelihood that a reasonable
12  investor would consider it important in making an investment decision.  *TSC Indus.*,
13  426 U.S. at 449; *Murphy*, 626 F.2d at 653.  The antifraud provisions impose "a duty
14  to disclose material facts that are necessary to make disclosed statements, whether
15  mandatory or volunteered, not misleading."  *SEC v. Fehn*, 97 F.3d 1276, 1290 n.12
16  (9th Cir. 1996).

17  n.  The Commission presented evidence that the defendants made material
18  misrepresentations by falsely telling investors in the BCI and LFI offerings that the
19  companies would soon undertake an IPO and that the resulting stock price would
20  significantly increase.  Misstatements regarding an impending IPO are material to a
21  reasonable investor.  *SEC v. Platinum Inv. Corp.*, 2006 WL 2707319, *1-2
22  (S.D.N.Y. 2006); *SEC v. Hasho*, 784 F. Supp. 1059, 1106 (S.D.N.Y. 1992).

23  o.  The Commission presented evidence that the defendants' projections
24  of the future price of the stock of BCI and LFI, which were made without any
25  reasonable basis, were material.  *See, e.g., SEC v. R.A. Holman & Co., Inc.*, 366
26  F.2d 456, 458 (2d Cir. 1966); *SEC v. Bocchino*, No. 98 Civ. 7525, 2002 WL
27  31528472, at *1 (S.D.N.Y. Nov, 8, 2002).  Defendants did not present evidence of a
28  reasonable basis for these projections.

p.   The Commission presented evidence that the defendants' failure to disclose Carver's criminal history and felony convictions was a material omission. *SEC v. TLC Invs. and Trade Co.*, 179 F. Supp. 2d 1149, 1153 (C.D. Cal. 2001).  The Commission also presented evidence that the failure to disclose the relationship between LFI and BCI was a material omission.  *SEC v. Fehn*, 97 F.3d at 1290. Defendants did not provide any evidence to the contrary.

q.   Violations of Section 17(a)(1) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder require a showing of scienter. *Aaron v. SEC*, 446 U.S. 680, 701-02, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980).  The Supreme Court has defined scienter as "a mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).  In the Ninth Circuit, scienter may be established by a showing of recklessness.  *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1568-69 (9th Cir. 1990) (en banc).

r.   The Commission presented evidence that Carver, Carver II, and DeMers acted with scienter.  For example, Carver controlled the information disseminated to investors and drafted certain private placement memoranda and sales scripts used by sales agents.  (Brown Dec. ¶7, Ex. 1, p. 14; ¶8, Ex. 2, p. 586-87, 592-603, 605, 607-09, 610.)  This indicates that Carver either knew or was reckless in not knowing that the information being provided to investors about the upcoming IPO, the anticipated share price, and his expertise was false or misleading.

s.   Likewise, the Commission presented evidence that Carver II drafted certain PPMs, approved sales scripts for the offerings, and was aware of the prior regulatory orders issued against Carver and BCI.  (Brown Dec. ¶7, Ex. 1, p. 14; Brown Dec. ¶9, Ex. 3, p. 665.)  This indicates that Carver II knew or was reckless in not knowing that the representations made to the LFI and partnerships' investors were false and misleading.

1    t.   The Commission also presented evidence that DeMers knew that LFI

2    did not have adequate books, that the company did not have audited financials, it

3    had not filed a registration statement or retained key professionals necessary for a

4    public offering, and there was no basis for the anticipated share price being

5    represented to investors. (Brown Dec. ¶7, Ex. 1, p. 8, 10, 151-153; Pollack Dec., ¶5,

6    p. 6.)  These facts indicate that DeMers knew or was reckless in not knowing that

7    the representations made to the LFI and partnerships' investors were false and

8    misleading.

9    u.   Defendants did not present any evidence to rebut the Commission's

10   evidence regarding scienter.

11   **Prima Facie Evidence of Investment Adviser Violations**

12   v.   An investment adviser is "as any person who, for compensation,

13   engages in the business of advising others . . . as to the value of securities or as to

14   the advisability of investing in, purchasing, or selling securities."  15 U.S.C. § 80b-

15   2(a)(11).  This definition includes a general partner of a fund or investment manager

16   of a limited partnership who manages a fund's investments for compensation.

17   *Abrahamson v. Fleschner*, 568 F.2d 862, 869-870 (2d Cir. 1977).  In addition,

18   individuals associated with an investment adviser entity can also be held liable

19   under Section 206 where "the activities of the associated person cause him or her to

20   meet the broad definition of 'investment adviser.'"  *See In the Matter of John J.*

21   *Kenny*, SEC Rel. No. IA-2128, n. 54 (May 14, 2003).

22   w.   The Commission presented evidence that LFI held itself out as being

23   in the business of investment management and also received compensation of 35%

24   as a "management fee" for managing the limited partnerships and that the Carvers

25   and DeMers each exercised control over LFI and BCI.  (Bergstrom Dec. ¶15c, Ex.

26   12, p. 177; 15d, Ex. 13, p. 209; 15e, Ex. 14, p. 255; Brown Dec. ¶7, Ex. 1, p. 414-

27   415; Bergstrom Dec. ¶46, Ex. 42, p. 465.)

28   x.   Section 206(1) of the Advisers Act prohibits an investment adviser

1  from employing "any device, scheme, or artifice to defraud any client or prospective

2  client."  Section 206(2) of the Advisers Act prohibits an investment adviser from

3  engaging "in any transaction, practice or course of business which operates as a

4  fraud or deceit upon any client or prospective client." Section 206(1) requires a

5  showing of scienter, but Section 206(2) requires only negligence. *See, e.g.,*

6  *Steadman v. SEC*, 603 F.2d 1126, 1134 (5th Cir. 1979); *Vernazza v. SEC*, 327 F.3d

7  at 859.

8         y.   Investment advisers owe a fiduciary duty to their clients to exercise the

9  utmost good faith, and to provide such clients with full and fair disclosure of all

10  material facts. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 17

11  (1979) ("section 206 established 'federal fiduciary standards' to govern the conduct

12  of investment advisers").

13         z.   The Commission presented evidence that LFI, the Carvers and DeMers

14  violated the Advisers Act by misappropriating at least $2.5 million from the

15  partnerships.  (Haack Dec. ¶10, Ex. 4, p. 4-9.)  The Commission also presented

16  evidence that the Carvers used monies to make up trading losses in a brokerage

17  account, and Carver II also transferred $1.8 in an undocumented "loan" to BCI,

18  which remains outstanding.  (Brown Dec. ¶7, Ex. 1, p. 174-76.)  The evidence also

19  reflects that DeMers transferred out all of the remaining cash from the bank

20  accounts of the partnerships in June 2008.  (Bergstrom Dec. ¶56, Ex. 44, p. 470-

21  517.)  These facts indicate that the Commission is likely to succeed on its claim that

22  defendants violated the Adviser's Act.

23         aa. With regard to conduct occurring after September 10, 2007, Section

24  206(4) and Rule 206(4)-8 thereunder provide that it is an illegal practice for advisers

25  to: (1) make any untrue statement of a material fact or omit to state a material fact

26  necessary to make the statements made, in the light of the circumstances under

27  which they were made, not misleading, to any investor or prospective investor in a

28  pooled investment vehicle; or (2) otherwise defraud those investors or prospective

1  investors.  17 C.F.R. § 275.206(4)-8.

2       bb. The Commission presented undisputed evidence that LFI and DeMers

3  violated Section 206(4) and Rule 206(4)-8 thereunder by misrepresenting to

4  investors in the third partnership that 65% - 85% of their monies would be invested

5  in biotech companies.  Instead, in June 2008, DeMers transferred off all of the

6  remaining investors' monies to a separate company he owns. (Bergstrom Dec. ¶56,

7  Ex. 44, p. 470-517.)  These facts indicate that the Commission is likely to succeed

8  on its claim that defendants violated the Adviser's Act.

9       **Prima Facie Evidence of Broker-Dealer Registration Violations**

10       cc. Section 15(a)(1) of the Exchange Act require individuals who effect

11  nonexempt securities transactions to be associated with a registered broker-dealer.

12  A "broker" is "any person engaged in the business of effecting transactions in

13  securities for the accounts of others." 15 U.S.C. § 78c(a)(4).  The solicitation of

14  investors to purchase securities, the receipt of transaction-related compensation, and

15  leading the sales effort are evidence of being engaged in the business of effecting

16  transactions in securities for the accounts of others. *See, e.g., SEC v. Hansen*, [1983

17  Transfer Binder] Fed. Sec. L. Rep. (CCH) 91,426 (S.D.N.Y. 1984); *Massachusetts*

18  *Fin. Svcs., Inc. v. SIPC*, 411 F. Supp. 411, 415 (D. Mass.).

19       dd. The Commission presented evidence that the Carvers and DeMers

20  violated Section 15(a)(1) by failing to associate with a registered broker-dealer at a

21  time when they acted as brokers by regularly participating in the solicitation of or

22  actual sale of securities. (Bergstrom Dec. ¶14, Ex. 9, p. 65-66)  The Carvers and

23  DeMers did not present any evidence indicating that they qualify for exemptions

24  from registration. The Court finds that the Commission has demonstrated a high

25  probability of succeeding on its claim that the Carvers and DeMers violated Section

26  15(a) of the Exchange Act.

27       **Likelihood of Future Violations**

28       ee. Based on the evidence submitted regarding the extensive and long-

1  term violations that likely took place in the past and the defendants' history of

2  continuing those offerings despite the issuance of multiple orders by state regulatory

3  agencies, the Court finds that an inference of future violations is appropriate in this

4  case.

**Appointment of a Permanent Receiver, Continuation of the Asset Freeze
and Prohibiting the Destruction of Documents**

7  ff.  Federal courts have inherent equitable authority to issue a variety of

8  ancillary relief measures in Commission injunctive actions including ordering asset

9  freezes, ordering accountings, appointing receivers, and prohibiting the destruction

10  of documents. *Wencke*, 622 F.2d at 1369; *SEC v. International Swiss Investments*

11  *Corp.*, 895 F.2d 1272, 1276 (9th Cir. 1990); *SEC v. Hickey*, 322 F.3d 1123, 1131

12  (9th Cir. 2003).

13  gg. Defendants have not objected to the appointment of a permanent

14  receiver or an order prohibiting the destruction of documents.  In light of the

15  evidence set forth above and the defendants' non-opposition to such orders, it is

16  appropriate to appoint a permanent receiver and enter an order prohibiting the

17  destruction of documents.

18  hh. In addition, in light of the evidence of recent transfers of funds out of

19  corporate accounts and the defendants' propensity to transfer funds between a

20  variety of accounts, the Court finds that a continuation of the asset freeze is

21  warranted here.  Defendants Carver, Carver II and DeMers have failed to make an

22  appropriate showing of the need for the freeze to be lifted.  The Court will consider

23  lowering the amount frozen for necessary and reasonable living expenses and

24  reasonable attorneys' fees upon good cause shown by application to the Court with

25  notice to and an opportunity for the Commission to be heard.

26  **III.  ORDER**

27  a.  IT IS HEREBY ORDERED that the Commission's request for

28  preliminary injunction and orders: (1) Freezing Assets, (2) Prohibiting The

1 | Destruction Of Documents, and (3) Appointing A Permanent Receiver is
2 | GRANTED.
3 |      b.  IT IS FURTHER ORDERED that defendants BCI, LFI, Carver, Carver
4 | II, and DeMers, and their directors, officers, agents, trustees, servants, employees,
5 | attorneys, accountants, subsidiaries, and affiliates, and those persons in active
6 | concert or participation with any of them, who receive actual notice of this Order,
7 | by personal service or otherwise, and each of them, be and hereby are preliminarily
8 | restrained and enjoined from, directly or indirectly, making use of any means or
9 | instruments of transportation or communication in interstate commerce or of the
10 | mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing
11 | any security to be carried through the mails or in interstate commerce, by any means
12 | or instruments of transportation, for the purpose of sale or delivery after sale, unless
13 | a registration statement is in effect as to such security, in violation of Sections 5(a)
14 | and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).
15 |      c.  IT IS FURTHER ORDERED that defendants BCI, LFI, Carver, Carver
16 | II, and DeMers, and their officers, agents, servants, employees, attorneys,
17 | subsidiaries and affiliates, and those persons in active concert or participation with
18 | any of them, who receive actual notice of this Order, by personal service or
19 | otherwise, and each of them, be and hereby are preliminarily restrained and enjoined
20 | from, directly or indirectly, in the offer or sale of any securities, by the use of any
21 | means or instruments of transportation or communication in interstate commerce or
22 | by use of the mails:
23 |         i.  employing any device, scheme or artifice to defraud;
24 |         ii.  obtaining money or property by means of any untrue
25 | statement of a material fact or any omission to state a material fact necessary in
26 | order to make the statements made, in light of the circumstances under which they
27 | were made, not misleading; or
28 |         iii.  engaging in any transaction, practice, or course of

1    business which operates or would operate as a fraud or deceit upon the purchaser;

2    in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

3            d. IT IS FURTHER ORDERED that defendants BCI, LFI, Carver,

4    Carver II, and DeMers, and their officers, agents, servants, employees, attorneys,

5    subsidiaries and affiliates, and those persons in active concert or participation with

6    any of them, who receive actual notice of this Order, by personal service or

7    otherwise, and each of them, be and hereby are preliminarily restrained and

8    enjoined from, directly or indirectly, in connection with the purchase or sale of any

9    security, by the use of any means or instrumentality of interstate commerce, or of

10   the mails, or of any facility of any national securities exchange:

11                  i.  employing any device, scheme or artifice to defraud;

12                  ii.  making any untrue statement of a material fact or omitting to

13   state a material fact necessary in order to make the statements made, in the light of

14   the circumstances under which they were made, not misleading; or

15                  iii.  engaging in any act, practice, or course of business which

16   operates or would operate as a fraud or deceit upon any person;

17   in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

18   10b-5 thereunder, 17 C.F.R. § 240.10b-5.

19           e. IT IS FURTHER ORDERED that defendants BCI, LFI, Carver,

20   Carver II, and DeMers, and their officers, agents, servants, employees, attorneys,

21   and those persons in active concert or participation with any of them, who receive

22   actual notice of this Order, by personal service or otherwise, and each of them, be

23   and hereby are preliminarily restrained and enjoined from, by the use of the mails

24   or any means or instrumentality of interstate commerce, directly or indirectly:

25                  i.  employing any device, scheme, or artifice to defraud any client

26   or prospective client;

27                  ii.  engaging in any transaction, practice, or course of business

28   which operates as a fraud or deceit upon any client or prospective client;

1  in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. § 80b-6(1)

2  and (2).

3       f.  IT IS FURTHER ORDERED that defendants LFI and DeMers, and

4  their officers, agents, servants, employees, attorneys, and those persons in active

5  concert or participation with any of them, who receive actual notice of this Order,

6  by personal service or otherwise, and each of them, be and hereby are preliminarily

7  restrained and enjoined from, directly or indirectly by the use of the mails or any

8  means or instrumentality of interstate commerce:

9       i.  making any untrue statement of a material fact or omitting to

10  state a material fact necessary to make the statements made, in the light of the

11  circumstances under which they were made, not misleading, to any investor or

12  prospective investor in a pooled investment vehicle;

13       ii.  engaging in any act, practice, or course of business that is

14  fraudulent, deceptive, or manipulative with respect to any investor or prospective

15  investor in a pooled investment vehicle;

16  in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule

17  206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

18       g.  IT IS FURTHER ORDERED that, except as otherwise ordered by this

19  Court, defendants BCI, LFI, Carver, Carver II, and DeMers, and relief defendants

20  Lincoln Biotech Ventures, LP, Lincoln Biotech Ventures II, LP Lincoln Biotech

21  Ventures III, LP, and MacAuslan Capital Partners, LLC (collectively the "Relief

22  Defendants"), and their officers, agents, servants, employees, attorneys,

23  subsidiaries and affiliates, and those persons in active concert or participation with

24  any of them, who receive actual notice of this Order, by personal service or

25  otherwise, and each of them, be and hereby are preliminarily restrained and

26  enjoined from, directly or indirectly:

27       i.  transferring, assigning, selling, hypothecating, changing,

28  wasting, dissipating, converting, concealing, encumbering, or otherwise disposing

1  of, in any manner, any funds, assets, securities, claims, or other real or personal

2  property, wherever located, of defendants BCI, LFI, Carver, Carver II, and

3  DeMers, and Relief Defendants, and their subsidiaries or affiliates, owned by,

4  controlled by, managed by or in the possession or custody of any of them;

5         ii.  transferring, assigning, selling, hypothecating, encumbering, or

6  otherwise disposing of any securities, including, but not limited to, any investment

7  contracts or other securities of defendants BCI, LFI, Carver, Carver II, and DeMers

8  and Relief Defendants or any of their subsidiaries or affiliates.

9         h.  IT IS FURTHER ORDERED that, except as otherwise ordered by this

10  Court, an immediate freeze shall be placed on all monies and assets (with an

11  allowance for necessary and reasonable living expenses to be granted only upon

12  good cause shown by application to the Court with notice to and an opportunity for

13  the Commission to be heard) in all accounts at any bank, financial institution or

14  brokerage firm (including any futures commission merchant), all certificates of

15  deposit, and other funds or assets, held in the name of, for the benefit of, or over

16  which account authority is held by BCI, LFI, Carver, Carver II, DeMers and the

17  Relief Defendants or any entity affiliated with any of them, including, but not

18  limited to, the accounts set forth below:

| Bank | Account Name | Account Number |
|---|---|---|
| Banc of America Investment Services, Inc. | Robert Louis Carver, II | Unknown |
| Bank of America | 360FX, LLC | 501000368681 |
| Bank of America | Brookstone Biotech Ventures LP | 004968413573 |
| Bank of America | Brookstone Biotech Ventures II LP | 004969455459 |
| Bank of America | Brookstone Capital, Inc. | 004964920714 |
| Bank of America | Brookstone Capital, Inc. | 004968193916 |

| | | |
|---|---|---|
| Bank of America | Brookstone Quantitative Equity Investments, LLC a/k/a Lincoln Strategic Equities LLC | 004964976373 |
| Bank of America | LFI Securities LLC | 501000368584 |
| Bank of America | Lincoln Funds International, Inc | 005012312930 |
| Bank of America | Lincoln Funds International, Inc. Payroll Account | 005010343435 |
| Bank of America | Lincoln Funds International, Inc. | 005010343433 |
| Bank of America | Lincoln Funds International, Inc. | 005012314433 |
| Bank of America | Lincoln Futures, LLC | 501000388507 |
| Bank of America | Lincoln Futures, LLC | 501000368597 |
| Bank of America | Lincoln Globex, LLC | 501000369059 |
| Bank of America | Mymajade Partners (James DeMers) | |
| Bank of America | Priority Printing | 004968393059 |
| Bank of America | Robert Louis Carver, Sr. | 0690604113 |
| Bank of America | South Bell Communications | 004968393046 |
| Bank of America | United Marketing | 004968393033 |
| Bank of America | Xirtrix Gaming Technologies | 004964920141 |
| Bank of North Las Vegas | BBV Holdings LLC | 130001290 |
| Bank of North Las Vegas | BBV Holdings LLC | 170002257 |
| Bank of North Las Vegas | BBVII Holdings LLC | 130000854 |
| Bank of North Las Vegas | BBVII Holdings LLC | 170002240 |

| | | |
|---|---|---|
| Bank of North Las Vegas | Lincoln Biotech Ventures LP | 170002455 |
| Bank of North Las Vegas | Lincoln Biotech Ventures II LP | 170002463 |
| Bank of North Las Vegas | Lincoln Biotech Ventures III LP | 170002422 |
| Bank of North Las Vegas | LFI Holdings LLC | 170002265 |
| Bank of North Las Vegas | LFI Holdings LLC | 170002232 |
| California Bank & Trust | MacAuslan Capital Partners | |
| Commercial Bank of California | MacAuslan Capital Partners | 1306356 |
| Commercial Bank of California | MacAuslan Capital Partners | 1602994 |
| E*Trade Securities LLC | Robert Louis Carver, Sr. | 65013357 |
| MF Global, Inc. | Lincoln Funds International, Inc. Trading Account | #E D16 9041 79002 |
| Penson Financial Services Transcend Capital | Brookstone Biotech Ventures LP Brokerage Account | 41212044 |
| Penson Financial Services Transcend Capital | Brookstone Quantitative Equity Investment LLC | 41212085 |
| Penson Financial Services Transcend Capital | Brookstone Capital, Inc. | 41211913 |
| Washington Mutual | Velocity Capital | 1884177734 |
| Bank of America | James DeMers | 0694704062 |
| Wells Fargo Bank | James DeMers | 8339117916 |
| Unknown | Lincoln Strategic Equities, LLC | Unknown |
| Unknown | World Gaming Corporation | Unknown |

| Unknown | Venture Direct | Unknown |
|---------|----------------|---------|
| Unknown | Intervest Ventures | Unknown |
| Ameritrade | Robert L. Carver & Kathy L. Carver JT Ten | 144-648144 |

i.  IT IS FURTHER ORDERED that James Donell is appointed permanent receiver of defendants BCI and LFI and relief defendants Lincoln Biotech Ventures, LP, Lincoln Biotech Ventures II, LP Lincoln Biotech Ventures III, LP (collectively, the "Lincoln Entities"), and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of BCI, LFI, and the Lincoln Entities, and their subsidiaries and affiliates. and that such receiver is immediately authorized, empowered and directed:

i.  to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by BCI, LFI, and the Lincoln Entities and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

ii.  to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of BCI, LFI, and the Lincoln Entities, and their subsidiaries and affiliates, or which maintains accounts over which BCI, LFI, and the Lincoln Entities and any of their employees or agents have signatory authority;

1          iii.  to conduct such investigation and discovery as may be

2    necessary to locate and account for all of the assets of or managed by BCI, LFI,

3    and the Lincoln Entities, and their subsidiaries and affiliates, and to engage and

4    employ attorneys, accountants and other persons to assist in such investigation and

5    discovery;

6          iv.  to take such action as is necessary and appropriate to preserve

7    and take control of and to prevent the dissipation, concealment, or disposition of

8    any assets of or managed by BCI, LFI, the Lincoln Entities, and their subsidiaries

9    and affiliates;

10         v.  to make an accounting, as soon as practicable, to this Court and

11   the Commission of the assets and financial condition of BCI, LFI, and the Lincoln

12   Entities, and to file the accounting with the Court and deliver copies thereof to all

13   parties;

14         vi.  to make such payments and disbursements from the funds and

15   assets taken into custody, control, and possession or thereafter received by him or

16   her, and to incur, or authorize the making of, such agreements as may be necessary

17   and advisable in discharging his or her duties as temporary receiver;

18         vii.  to employ attorneys, accountants and others to investigate and,

19   where appropriate, to institute, pursue, and prosecute all claims and causes of

20   action of whatever kind and nature which may now or hereafter exist as a result of

21   the activities of present or past employees or agents of BCI, LFI, and the Lincoln

22   Entities, and their subsidiaries and affiliates; and

23         viii.  to have access to and monitor all mail of the entities in

24   receivership in order to review such mail which he or she deems relates to their

25   business and the discharging of his or her duties as temporary receiver.

26         j.  IT IS FURTHER ORDERED that defendants BCI, LFI, the Lincoln

27   Entities, and their subsidiaries and affiliates, including all of the other entities in

28   receivership, and their officers, agents, servants, employees and attorneys, and any

1  other persons who are in custody, possession or control of any assets, collateral,

2  books, records, papers or other property of or managed by any of the entities in

3  receivership, shall forthwith give access to and control of such property to the

4  permanent receiver.

5       k.  IT IS FURTHER ORDERED that no officer, agent, servant,

6  employee, or attorney of BCI, LFI, and the Lincoln Entities, shall take any action

7  or purport to take any action, in the name of or on behalf of BCI, LFI, and the

8  Lincoln Entities, without the written consent of the permanent receiver or order of

9  this Court.

10       l.  IT IS FURTHER ORDERED that, except by leave of this Court,

11  during the pendency of this receivership, all clients, investors, trust beneficiaries,

12  note holders, creditors, claimants, lessors, consultant groups and all other persons

13  or entities seeking relief of any kind, in law or in equity, from BCI, LFI, and the

14  Lincoln Entities, or their subsidiaries or affiliates, and all persons acting on behalf

15  of any such investor, trust beneficiary, note holder, creditor, claimant, lessor,

16  consultant group or other person, including sheriffs, marshals, servants, agents,

17  employees, and attorneys, are hereby restrained and enjoined from, directly or

18  indirectly, with respect to these persons and entities:

19       i.  commencing, prosecuting, continuing or enforcing any suit or

20  proceeding (other than the present action by the Commission) against any of them;

21       ii.  using self-help or executing or issuing or causing the execution

22  or issuance of any court attachment, subpoena, replevin, execution or other process

23  for the purpose of impounding or taking possession of or interfering with or

24  creating or enforcing a lien upon any property or property interests owned by or in

25  the possession of BCI, LFI, and the Lincoln Entities, and

26       iii.  doing any act or thing whatsoever to interfere with taking

27  control, possession or management by the permanent receiver appointed hereunder

28  of the property and assets owned, controlled or managed by or in the possession of

1  BCI, LFI, and the Lincoln Entities, or in any way to interfere with or harass the

2  permanent receiver or his or her attorneys, accountants, employees or agents or to

3  interfere in any manner with the discharge of the permanent receiver's duties and

4  responsibilities hereunder.

5          m. IT IS FURTHER ORDERED that defendants BCI, LFI, Carver,

6  Carver II, DeMers, and the Lincoln Entities, and their subsidiaries, affiliates,

7  officers, agents, servants, employees and attorneys, shall cooperate with and assist

8  the permanent receiver and shall take no action, directly or indirectly, to hinder,

9  obstruct, or otherwise interfere with the permanent receiver or his or her attorneys,

10  accountants, employees or agents, in the conduct of the permanent receiver's duties

11  or to interfere in any manner, directly or indirectly, with the custody, possession,

12  management, or control by the permanent receiver of the funds, assets, collateral,

13  premises, and choses in action described above.

14          n. IT IS FURTHER ORDERED that defendants BCI, LFI, Carver,

15  Carver II, DeMers, and the Lincoln Entities shall pay the costs, fees and expenses

16  of the permanent receiver incurred in connection with the performance of his or her

17  duties described in this Order, including the costs and expenses of those persons

18  who may be engaged or employed by the permanent receiver to assist him or her in

19  carrying out his or her duties and obligations.  All applications for costs, fees and

20  expenses for services rendered in connection with the receivership other than

21  routine and necessary business expenses in conducting the receivership, such as

22  salaries, rent and any and all other reasonable operating expenses, shall be made by

23  application setting forth in reasonable detail the nature of the services and shall be

24  heard by the Court.

25          o. IT IS FURTHER ORDERED that no bond shall be required in

26  connection with the appointment of the permanent receiver.  Except for an act of

27  gross negligence, the permanent receiver shall not be liable for any loss or damage

28  incurred by any of the defendants or Relief Defendants, their officers, agents,

1   servants, employees and attorneys or any other person, by reason of any act

2   performed or omitted to be performed by the permanent receiver in connection

3   with the discharge of his or her duties and responsibilities.

4          p.  IT IS FURTHER ORDERED that representatives of the Commission

5   are authorized to have continuing access to inspect or copy any or all of the

6   corporate books and records and other documents of BCI, LFI, the Lincoln

7   Entities, and the other entities in receivership, and continuing access to inspect

8   their funds, property, assets and collateral, wherever located.

9          q.  IT IS FURTHER ORDERED that, except as otherwise ordered by this

10  Court, defendants BCI, LFI, Carver, Carver II, and DeMers, and Relief

11  Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries

12  and affiliates, including the other entities in receivership, and those persons in

13  active concert or participation with any of them, who receive actual notice of this

14  Order, by personal service or otherwise, and each of them, be and hereby are

15  preliminarily restrained and enjoined from, directly or indirectly: destroying,

16  mutilating, concealing, transferring, altering, or otherwise disposing of, in any

17  manner, any documents, which includes all books, records, computer programs,

18  computer files, computer printouts, contracts, correspondence, memoranda,

19  brochures, or any other documents of any kind in their possession, custody or

20  control, however created, produced, or stored (manually, mechanically,

21  electronically, or otherwise), pertaining in any manner to defendants BCI, LFI and

22  the Lincoln Entities, and their subsidiaries and affiliates.

23         r.  IT IS FURTHER ORDERED that this Court shall retain jurisdiction

24  over this action for the purpose of implementing and carrying out the terms of all

25  orders and decrees which may be entered herein and to entertain any suitable

26  application or motion for additional relief within the jurisdiction of this Court.

27  IT IS SO ORDERED.

28

1    DATED:     June 19, 2008

2

3                                    _____

4                                    HONORABLE CORMAC J. CARNEY
                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28