

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 08-627 CJC (RNBx) |
| Plaintiff, | **JUDGMENT OF PERMANENT INJUNCTION AGAINST ROBERT LOUIS CARVER, II** |
| vs. | |
| ROBERT LOUIS CARVER; ROBERT LOUIS CARVER, II; JAMES LOWELL DEMERS; LINCOLN FUNDS INTERNATIONAL, INC., a Nevada corporation; and PAROPES CORPORATION, f/k/a BROOKSTONE CAPITAL, INC., a Nevada corporation, | |
| Defendants, | |
| LINCOLN BIOTECH VENTURES, L.P.; LINCOLN BIOTECH VENTURES II, L.P.; LINCOLN BIOTECH VENTURES III, L.P., and MacAUSLAN CAPITAL PARTNERS, LLC, | |
| Relief Defendants. | |

1    The Securities and Exchange Commission having filed a Complaint and

2  Defendant Robert Louis Carver, II ("Defendant") having entered a general

3  appearance; consented to the Court's jurisdiction over Defendant and the subject

4  matter of this action; consented to entry of this Judgment of Permanent Injunction

5  without admitting or denying the allegations of the Complaint (except as to

6  jurisdiction); waived findings of fact and conclusions of law; and waived any right

7  to appeal from this Judgment:

8    **I.**

9    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

10  and Defendant's agents, servants, employees, attorneys, and all persons in active

11  concert or participation with them who receive actual notice of this Judgment by

12  personal service or otherwise are permanently restrained and enjoined from

13  violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

14  1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

15  thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

16  interstate commerce, or of the mails, or of any facility of any national securities

17  exchange, in connection with the purchase or sale of any security:

18    (a)    to employ any device, scheme, or artifice to defraud;

19    (b)    to make any untrue statement of a material fact or to omit to state a

20           material fact necessary in order to make the statements made, in the

21           light of the circumstances under which they were made, not

22           misleading; or

23    (c)    to engage in any act, practice, or course of business which operates or

24           would operate as a fraud or deceit upon any person.

25    **II.**

26    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

27  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

28  in active concert or participation with them who receive actual notice of this

1

1  Judgment by personal service or otherwise are permanently restrained and enjoined

2  from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"),

3  15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or

4  instruments of transportation or communication in interstate commerce or by use

5  of the mails, directly or indirectly:

6        (a)    to employ any device, scheme, or artifice to defraud;

7        (b)    to obtain money or property by means of any untrue statement of a

8                material fact or any omission of a material fact necessary in order to

9                make the statements made, in light of the circumstances under which

10                they were made, not misleading; or

11        (c)    to engage in any transaction, practice, or course of business which

12                operates or would operate as a fraud or deceit upon the purchaser.

13                                                      **III.**

14       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

15  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

16  in active concert or participation with them who receive actual notice of this

17  Judgment by personal service or otherwise are permanently restrained and enjoined

18  from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or

19  indirectly, in the absence of any applicable exemption:

20        (a)    Unless a registration statement is in effect as to a security, making use

21                of any means or instruments of transportation or communication in

22                interstate commerce or of the mails to sell such security through the

23                use or medium of any prospectus or otherwise;

24        (b)    Unless a registration statement is in effect as to a security, carrying or

25                causing to be carried through the mails or in interstate commerce, by

26                any means or instruments of transportation, any such security for the

27                purpose of sale or for delivery after sale; or

28        (c)    Making use of any means or instruments of transportation or

1    communication in interstate commerce or of the mails to offer to sell

2    or offer to buy through the use or medium of any prospectus or

3    otherwise any security, unless a registration statement has been filed

4    with the Commission as to such security, or while the registration

5    statement is the subject of a refusal order or stop order or (prior to the

6    effective date of the registration statement) any public proceeding or

7    examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

8                                       **IV.**

9        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

10   Defendant and Defendant's agents, servants, employees, attorneys, and all persons

11   in active concert or participation with them who receive actual notice of this

12   Judgment by personal service or otherwise are permanently restrained and enjoined

13   from violating, directly or indirectly, Section 206(1) and (2) of the Investment

14   Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6, by using the mails

15   or any means or instrumentality of interstate commerce:

16       (a)    to employ any device, scheme, or artifice to defraud any client or

17              prospective client; or

18       (b)    to engage in any act, practice, or course of business which operates as

19              a fraud or deceit upon any client or prospective client.

20                                       **V.**

21       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

22   Defendant and Defendant's agents, servants, employees, attorneys, and all persons

23   in active concert or participation with them who receive actual notice of this

24   Judgment by personal service or otherwise are permanently restrained and enjoined

25   from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C.

26   § 78o, which makes it unlawful for any broker or dealer which is either a person

27   other than a natural person or a natural person, to make use of the mails or any

28   means or instrumentality of interstate commerce to effect any transactions in, or to

                                          3

1   induce or attempt to induce the purchase or sale of, any security (other than an

2   exempted security or commercial paper, bankers' acceptances, or commercial bills)

3   unless such broker or dealer is registered in accordance with subsection (b) of

4   Section 15, 15 U.S.C. § 78o(b).

**VI.**

6       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

7   Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon,

8   and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §

9   77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The

10   Court shall determine the amounts of the disgorgement and civil penalty upon

11   motion of the Commission.  Prejudgment interest shall be calculated from the date

12   of each offering, based on the rate of interest used by the Internal Revenue Service

13   for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

14   In connection with the Commission's motion for disgorgement and/or civil

15   penalties, and at any hearing held on such a motion: (a) Defendant will be

16   precluded from arguing that he did not violate the federal securities laws as alleged

17   in the Complaint; (b) Defendant may not challenge the validity of the Consent or

18   this Judgment; (c) solely for the purposes of such motion, the allegations of the

19   Complaint shall be accepted as and deemed true by the Court; and (d) the Court

20   may determine the issues raised in the motion on the basis of affidavits,

21   declarations, excerpts of sworn deposition or investigative testimony, and

22   documentary evidence, without regard to the standards for summary judgment

23   contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection

24   with the Commission's motion for disgorgement and/or civil penalties, the parties

25   may take discovery, including discovery from appropriate non-parties.

**VII.**

27       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

28   Consent is incorporated herein with the same force and effect as if fully set forth

4

1    herein, and that Defendant shall comply with all of the undertakings and

2    agreements set forth therein.

**VIII.**

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

5    Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

6    of this Judgment and to determine disgorgement, prejudgment interest, and any

7    civil penalty.

10    Dated:  _August 1, 2008_

    _____
    HONORABLE CORMAC J. CARNEY
    UNITED STATES DISTRICT JUDGE