UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00627-CJC(RNBx)                             Date: February 18, 2008

Title: SECURITIES AND EXCHANGE COMMISSION v. ROBERT LOUIS CARVER


PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                                           N/A
Deputy Clerk                                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS CARVER AND CARVER II'S APPLICATION TO RELEASE FROZEN FUNDS [filed** 01/21/09**]**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for February 23, 2009 at 1:30 p.m. is hereby vacated and off calendar.

Mr. Carver and Mr. Carver II ("the Carvers") request the release of further funds frozen by the Court's preliminary injunction, issued on June 19, 2008.  Court-appointed receiver James H. Donell holds the funds. On August 28, 2008, the Court ordered Mr. Donell to release $23,850 to the Carvers to pay for living expenses and reasonable attorneys' fees, but denied a request to release funds to pay a paralegal because the Carvers did not document the paralegal's hours.

The Carvers now request the release of $9,126.50 for the payment of attorneys' fees and paralegal fees.  Of the $3,710 requested by the Carvers' counsel J. Jeffrey Morris, $2,220 is reimbursement for the preparation of the instant request.  All but $30 of the $5,500 in expenses accrued by the paralegal had been accrued on or before August 25, 2008, when the Carvers previously applied to the Court to unfreeze funds.

The Carvers' request for further funds is DENIED.  The Carvers have not made a sufficient showing that further funds should be released to them.  As an initial matter, the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00627-CJC(RNBx)　　　　　　　　　　　　　Date: February 18, 2008
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

Carvers have not shown that they do not have the financial resources themselves to pay for their remaining attorneys' fees and expenses.  Since the Court released funds to the Carvers in August, Mr. Carver has apparently made more than $15,000 from a new, undisclosed source of employment.  Mr. Carver has not disclosed the source of that income, or the amount of his income for January or February.  Moreover, a significant amount of the funds now requested by the Carvers is to pay for paralegal expenses previously determined by the Court not to be reimbursable.  Another significant portion of funds is requested for attorneys' fees incurred to prepare the Carvers' request for further funds.  None of this paralegal or attorney work was essential to the Carvers' defense or the efficient administration of the receivership estate.  Given the limited assets in the receivership estate, the Court must exercise great caution in releasing further funds to ensure that investors recover at least a portion of their devastating losses.


jls

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU