1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 08-627 CJC (RNBx) |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT ROBERT LOUIS CARVER** |
| vs. | |
| ROBERT LOUIS CARVER; ROBERT LOUIS CARVER, II; JAMES LOWELL DEMERS; LINCOLN FUNDS INTERNATIONAL, INC., a Nevada corporation; and PAROPES CORPORATION, f/k/a BROOKSTONE CAPITAL, INC., a Nevada corporation, | |
| Defendants, | |
| LINCOLN BIOTECH VENTURES, L.P.; LINCOLN BIOTECH VENTURES II, L.P.; LINCOLN BIOTECH VENTURES III, L.P., and MacAUSLAN CAPITAL PARTNERS, LLC, | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Robert Louis Carver ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a Judgment of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment, and the Commission having determined not to seek additional remedies of disgorgement, prejudgment interest, and civil penalties, as provided for in the Consent of Robert Louis Carver, the Court finds this case appropriate for entry of Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or

    causing to be carried through the mails or in interstate commerce, by
    any means or instruments of transportation, any such security for the
    purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6, by using the mails or any means or instrumentality of interstate commerce:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

 (b) to engage in any act, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined

from violating, directly or indirectly, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6, and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce:

    (a)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (b)    to make any untrue statement of material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading,

to any investor or prospective investor in a pooled investment vehicle.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of Section 15, 15 U.S.C. § 78o(b).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Robert Louis Carver to Judgment of Permanent Injunction, signed by Defendant on July 1, 2008, and filed with this Court and entered on its docket as Docket Number 36, is incorporated herein with the same force and effect with respect to this Final Judgment as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein, except as to those relating to disgorgement, prejudgment interest, and civil penalty.

## VIII.

There being no just reason for delay, pursuant to rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 12, 2011

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE