1  JOHN M. MCCOY III, Cal. Bar No. 166244
    E-mail:  mccoyj@sec.gov
2  JOHN B. BULGOZDY, Cal. Bar No. 219897
    E-mail:  bulgozdyj@sec.gov
3  MEGAN M. BERGSTROM, Cal. Bar No. 228289
    E-mail: bergstromm@sec.gov
4
    Attorneys for Plaintiff
5  Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director
6  Michele Wein Layne, Associate Regional Director
    5670 Wilshire Boulevard, 11th Floor
7  Los Angeles, California 90036
    Telephone:   (323) 965-3998
8  Facsimile:   (323) 965-3908

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13  SECURITIES AND EXCHANGE              Case No. SACV 08-627 CJC (RNBx)
    COMMISSION,
14                                       JUDGMENT OF PERMANENT
                Plaintiff,               INJUNCTION AND OTHER RELIEF OF
15                                       DEFENDANTS LINCOLN FUNDS
         vs.                             INTERNATIONAL, INC., AND
16                                       PAROPES CORPORATION F/K/A/
    ROBERT LOUIS CARVER; ROBERT          BROOKSTONE CAPITAL, INC., AND OF
17  LOUIS CARVER, II; JAMES LOWELL       RELIEF DEFENDANTS LINCOLN
    DEMERS; LINCOLN FUNDS                BIOTECH VENTURES, L.P.; LINCOLN
18  INTERNATIONAL, INC., a Nevada        BIOTECH VENTURES II, L.P.; AND
    corporation; and PAROPES            LINCOLN BIOTECH VENTURES III, L.P.
19  CORPORATION, f/k/a BROOKSTONE
    CAPITAL, INC., a Nevada corporation,
20
                Defendants,
21
    LINCOLN BIOTECH VENTURES, L.P.;
22  LINCOLN BIOTECH VENTURES II, L.P.;
    LINCOLN BIOTECH VENTURES III,
23  L.P., and MacAUSLAN CAPITAL
    PARTNERS, LLC,
24
                Relief Defendants.
25

26

27

28

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint in this matter, and Defendants Lincoln Funds International, Inc. ("Lincoln") and Paropes Corporation f/k/a Brookstone Capital, Inc. (collectively "Defendants") and Relief Defendants Lincoln Biotech Ventures, L.P.; Lincoln Biotech Ventures II, L.P.; and Lincoln Biotech Ventures III, L.P. (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

1

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or

causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6, by using the mails or any means or instrumentality of interstate commerce:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)     to engage in any act, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Lincoln Funds and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and

enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6, and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce:

      (a)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

      (b)    to make any untrue statement of material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading,

to any investor or prospective investor in a pooled investment vehicle.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e), and that Relief Defendants will disgorge any funds received from Defendants. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the date of the offerings, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

## V.

In connection with the Commission's motion(s) for disgorgement and/or civil penalties and at any hearing held on such motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) AOB Defendants and Relief Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion

on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as expressly modified herein, all prior orders of the Court issued in this action, shall remain in full force and effect.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for all purposes, including enforcing the terms of this Judgment.

Dated:  September 19, 2011

_____
HONORABLE CORMAC A. CARNEY
UNITED STATES DISTRICT JUDGE